GEORGE SINGER and Others, Plaintiffs, *v.* TITLE GUARANTEE AND TRUST COMPANY and Others, Defendants.

Supreme Court, Special Term, Kings County, June 20, 1936.

*Nathan Rubin* [*Leopold Klinger* of counsel], for the plaintiffs.

*Millbank, Tweed, Hope & Webb* [*William J. Junkerman* of counsel], for the defendant Title Guarantee and Trust Company.

*Harold L. Strauss*, for the defendant May F. Casey.

LOCKWOOD, J.   This action is brought for an accounting, and to compel the defendants Title Guarantee and Trust Company, Williman and Casey, or each of them, to distribute to plaintiffs their *pro rata* share of the sum of $3,500, which sum represents a payment made on account of principal of the mortgage, in which the plaintiffs and the individual defendants held certificates.

The plaintiffs move for summary judgment in their favor, and the defendants made a cross-motion for judgment dismissing the amended complaint.   There is no dispute as to the facts, and both sides agree that there is presented only a question of law.

In July, 1931, Ye Old Realty Corporation executed a bond and mortgage in the sum of $25,000 to Title Guarantee and Trust Company, covering 274 lots in Floral Park.   The mortgagee gave the mortgagor the privilege of obtaining releases of portions of the mortgaged premises from the lien of the mortgage, by making certain specified payments.

Thirteen undivided shares in this bond and mortgage were sold to various persons, each share being evidenced by a certificate, all of which were in identical form, except for amount, date, and name of owner.   Each certificate contained the terms and conditions of

its issuance printed plainly upon the face thereof and which were agreed to by the holders of the certificate. Such terms and conditions, among other things, prescribed: " 2. The Company, on receipt of the interest and principal of said bond and mortgage, as required therein, shall distribute the same among the persons entitled thereto. If payments not so required are made, certificates for the same amount will be called in and paid off." Less than five months after the bond and mortgage were made and the certificates issued, the mortgagor exercised its privilege to pay $3,500 on account of principal to secure the release of various lots. The payment was received by the Bond and Mortgage Guarantee Company, pursuant to the terms of its policy of guaranty, which conferred upon that company full control of the mortgage with power to take any action it deemed advisable in order to enforce any of the provisions of the bond and mortgage and to protect the mortgage security. Thereafter, the certificates held by the defendant Williman in the sum of $3,000 and by the defendant Casey in the sum of $500 were called in, paid off and canceled. These certificates were paid in the usual course of business and pursuant to the provisions, numbered 2, as set forth above, contained in the certificate.

There is no indication of bad faith or an intention to confer a preference in the payment of these two certificates. It would have been not only contrary to the aforementioned terms and conditions, but also impractical to have applied this payment of principal in any other manner.

There was no default under the mortgage, and the thirteen holders of certificates in various amounts had no desire in November, 1931, less than five months after they had purchased their certificates, to be paid back a fractional part of the money invested by them. In fact, holders of small mortgage certificates before " Rehabilitation Days " rarely wanted, or would accept, small payments on account; they wanted to keep their principal intact.

This action is merely the result of an extremely tardy afterthought. The plaintiffs have no cause of action against any of the defendants. One of the defendants who here received the amount of her certificate immediately reinvested it in another certificate now in default. She is not as well off as to these investments as the plaintiffs, who seek to make her refund money.

The plaintiffs' motion for judgment is denied, and the defendants' motion to dismiss the complaint is granted.